UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:08-CV-8

**GERRY R. DICKSON**                                                                   **PLAINTIFF**

v.

**NATIONAL MAINTENANCE &**
**REPAIR OF KENTUCKY, INC.**                                      **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's Emergency Motion for Discovery to be Re-Opened (Docket #146). Defendant has responded (Docket #148). Plaintiff has replied (Docket #149). Defendant has filed a sur-reply (Docket #150). This matter is now ripe for adjudication.

Plaintiff Gerry Dickson was employed by Defendant National Maintenance & Repair of Kentucky, Inc. ("National Maintenance") to pilot the M/V E.W. Thompson, an inland river towing vessel. Dickson alleges that, beginning around December 2001 while working as a harbor pilot onboard this vessel, he was exposed to excessive and dangerous amounts of diesel exhaust due to the vessel's defective exhaust system. Diesel exhaust would enter the pilothouse to such an extent that Dickson's hands would turn black from touching the controls, as soot had accumulated all over his work area. He began experiencing such symptoms as migraines, burning skin and eyes, backaches, muscle pain, and fatigue. In 2004, National Maintenance extended the exhaust stacks to discharge emissions above the pilothouse. On August 6, 2005, Dickson's symptoms became so severe that he could not complete his shift. He piloted the vessel back to the dock and went to the emergency room. Dickson, at the age of 34, was diagnosed with multiple myeloma.

Plaintiff filed the present lawsuit on January 15, 2008, pursuant to the Jones Act, 46 U.S.C. § 30104, and general maritime law. Plaintiff seeks tort damages, maintenance and cure benefits, punitive damages and attorney's fees. This matter is currently set for trial on August 8, 2011.

On May 25, 2011, counsel for Defendant notified counsel for Plaintiff that Defendant had received two reservation of rights letters from its two insurers. Accordingly, Plaintiff served a third set of interrogatories and request for production of documents on Defendant, seeking discovery of the reservation of rights letters and information about Defendant's assets and ability to pay a judgment. Plaintiff then filed an emergency motion to reopen discovery. On May 27, 2011, the Court held a telephonic conference with the parties. Defendant agreed to provide answers to Plaintiff's insurance coverage interrogatories and requests for documents.[1] Defendant objected, however, to Plaintiff's proposed discovery related to Defendant's assets. Accordingly, the Court granted the parties additional time to brief the issue. The Court now considers whether to reopen discovery so that Plaintiff may request information about Defendant's assets.[2]

Defendant asserts that Federal Rule of Civil Procedure 26, which governs pre-trial discovery, does not permit discovery of a defendant's assets. Under Rule 26, "[p]arties may

---

[1]Plaintiff has since filed a declaratory judgment action in this Court against Defendant and Defendant's insurers. *See Dickson v. Indemnity Ins. Co. of North America*, No. 5:11-cv-00096-TBR.

[2]Specifically, Plaintiff requests the name of each vessel owned by Defendant, the vessels' unencumbered fair market values, the legal description of all real property owned by Defendant, and the unencumbered fair market value of those properties. In addition, Plaintiff seeks surveys, valuations, appraisals, deeds, mortgages, and financial statements from Defendant. *See* Plaintiff's Third Set of Interrog. & Req. for Prod. of Doc., DN 149-1, p. 2-4.

obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defense . . . ." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Defendant asserts that discovery of assets is not relevant and will not lead to the discovery of admissible evidence. *See Ranney-Brown Distribs., Inc. v. E.T. Barwick Indus., Inc.*, 75 F.R.D. 3, 5 (S.D. Ohio 1977) ("Ordinarily, Rule 26 will not permit the discovery of facts concerning a defendant's financial status, or ability to satisfy a judgment, since such matters are not relevant, and cannot lead to the discovery of admissible evidence."). Instead, Defendant argues, Plaintiff may seek discovery of Defendant's assets after obtaining a judgment. *See* Fed. R. Civ. P. 69(a)(2) (permitting discovery in aid of a judgment or execution).

Plaintiff argues that this case presents extraordinary circumstances such that the Court should allow him limited pre-judgment discovery of Defendant's assets. Plaintiff notes that this action was filed in 2008 and he has pursued his case diligently under the belief that Defendant had sufficient insurance coverage to pay substantial damages. Plaintiff cites to the Court's broad discretion in determining the contours of discovery. *See Waters v. City of Morristown, TN*, 242 F.3d 353, 363 (6th Cir. 2001) ("The discovery rules vest broad discretion in the trial court."). Plaintiff also notes that trial courts have permitted pre-judgment discovery of assets in class actions and admiralty actions. Finally, Plaintiff asserts that any pre-judgment discovery of Defendant's assets would also be relevant to the issue of standing in Plaintiff's declaratory judgment action.

The Court finds that pre-judgment discovery of Defendant's assets would not be relevant to this case. In addition, the facts of this case are not so extraordinary as to warrant such

3

discovery.  As this matter is set to go to trial less than two months from now, further discovery may only serve to delay these proceedings and add to the parties' costs.  In addition, Plaintiff's standing in the declaratory judgment action will be a non-issue if Plaintiff receives a judgment in his favor.

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Emergency Motion to Allow Pre-Judgment Asset Discovery is DENIED.